UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON WEAVER, )   )   Plaintiff, )   )   v. )   )   JENNIFER SACHSE, et al., )   )   Defendants. ) | No. 4:12CV567 MLM |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jason Weaver (registration no. 1092007), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $38.70. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court finds that the complaint fails to state a claim upon which relief can be granted, but the Court will allow plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $193.50, but does not indicate plaintiff's monthly balance.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $38.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are Jennifer Sachse (Warden, MECC), Unknown McNeal (Correctional Officer, MECC), Unknown Henderson (same), Unknown Reid (same), Jeremy Hausman (same), Unkown Potter (same), Unknown Woodruff (same), Unknown Poe (same), and Gloria Link (Clinical Case Manager, MECC).

In this official capacity suit, plaintiff alleges that on March 20, 2012, defendant Hausman harassed him, "assaulted [him] and threatened [his] life."  Plaintiff says that he was issued a conduct violation later that day for telling his caseworker that he loved her.

After the conduct violation was issued, defendants McNeal and Reid came to plaintiff's cell and, he says, began harassing him.  Plaintiff asserts that he "got

frustrated with the harassment and asked them did they want to take [him] to the hole." Plaintiff claims they called for help, and he says that defendants Henderson, Potter, and Woodruff came to his cell. Plaintiff alleges that these defendants handcuffed him and then maced him. Plaintiff also says that the handcuffs were not double locked, so they became very tight on his wrists.

Plaintiff alleges that defendants then dragged him to administrative segregation, injuring him along the way. Plaintiff asserts that once he was in administrative segregation defendants put leg restraints on him that were so tight they broke the skin around his ankles. Plaintiff claims that a correctional officer then maced him again, and plaintiff says he was left for over two hours without medical attention. Plaintiff states that after he was given medical attention he was placed in a suicide cell.

Plaintiff claims that he has permanent nerve damage to his hands as a result of the tight wrist restraints.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College,

72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id.  As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendants Sachse, Poe, or Link were directly involved in or personally responsible for the alleged violations of his constitutional rights. Moreover, plaintiff's allegations against Hausman are wholly conclusory and are not entitled to an assumption of truth. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants for this reason as well.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). That is, the amended complaint must include all of plaintiff's claims against each defendant. If plaintiff fails to file an amended complaint within thirty days, the Court may dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff does not timely pay the initial partial filing fee, the Court may dismiss this action.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court may dismiss this action.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a prisoner civil rights complaint form.

Dated this 30th day of April, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE